UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT PRINDLE
566 Greaton Rd
New Richmond, WI 54017

      Plaintiff,

vs.

Case No. 18-cv-156

WESTconsin Credit Union
3333 Schneider Ave. SE
Menomonie, WI 54751

      Defendant.

## COMPLAINT

The plaintiff, Scott Prindle, by his attorneys, Skinner and Associates, by Carol N. Skinner, complains of the Defendant as follows:

### NATURE OF ACTION

This is a civil action alleging nonpayment of wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207(a) and 215(a)(2), and failure to pay commissions earned, in violation of Wisconsin Statutes Chapter 109, as well as common law. Plaintiff also alleges common law claims of breach of contract, promissory estoppel, and unjust enrichment against Defendant for wrongfully retaining monies earned by Plaintiff.

This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331, and supplemental jurisdiction pursuant to 28 U.S.C. §1367, as all claims are related to Plaintiff's claim over which the Court has original jurisdiction. Venue is appropriate in the Western District of Wisconsin because the conduct giving rise to this Complaint occurred in this district.

1

## PARTIES

1. The Plaintiff, Scott Prindle, (Prindle) is an adult resident of the State of Wisconsin, residing at 566 Greaton Rd, New Richmond, WI 54017.

2. The Defendant, WESTconsin Credit Union (WCU or Defendant)is a Wisconsin corporation with a principal office located at 3333 Schneider Ave SE., Menomonie, WI 54751. Defendant is an employer engaged in interstate commerce.

## FACTS

3. Defendant employed Prindle as a "Mortgage Loan Originator" (MLO) from May, 2010 until his termination by Defendant on December 27, 2016.

4. Although Prindle's position is titled loan *originator*, Prindle at no time had authority to make underwriting decisions on any loans.

5. As an MLO, Prindle was responsible for accepting loan applications, reviewing credit reports and discussing same with customers, gathering and inputting necessary information to the underwriting department for loan consideration and approval, informing customers about available mortgage loan products, and working with other employees and customers to close loans which had been approved by underwriting.

6. Plaintiff's job description generated by WCU indicates that the position is non-exempt.

7. During his employment at WCU, Prindle did not customarily or regularly supervise other employees, manage any departments, perform work related to the management or general business operations of the Defendant or its customers, or exercise discretion and independent judgment with respect to matters of significance.

8. Plaintiff was compensated by WCU in the form of commissions on loans he originated if they were approved by Defendant, and subsequently closed.

9. Plaintiff often worked more than 40 hours in a work week, and reported the same to his employer.

10. Plaintiff was not paid overtime for any hours worked in excess of 40 per week.

11. Upon information and belief, Prindle was the highest or second highest producing MLO for Defendant in 2015 and 2016.

12. On or about December 9, 2016, Defendant removed Prindle's name from its website, and placed him in a training position, stating that his performance necessitated this action.

13. Upon information and belief, Prindle was not paid any wages for his time spent in training, receiving only commissions previously earned.

14. Until November 18, 2016, WCU had no written policy informing commissioned employees how commissions would be paid upon separation of employment.

15. Prior to November 18, 2016, Defendant paid out commissions to employees for loans which closed after their last day of work as MLOs.

16. Prindle expected to be paid the commissions earned for loans which he had procured.

17. Upon information and belief, the industry standard, normally evidenced by a written policy clearly communicated to employees, is to pay out commissions on loans which close within 30 days of an employee's separation date.

18. On November 18, 2016, Defendant sent an email to its mortgage loan team, informing them that when an MLO's employment is terminated voluntarily or involuntarily, commissions would be paid out only on loans which had closed as of the last date of employment.

19. Prior to November 18, Prindle had procured loans for Defendant which had been approved and were in various stages leading up to closing.

20. At the time of his termination in December of 2016, Plaintiff had earned approximately $25-30,000 in unpaid commissions for loans procured by him prior to the adoption and publication of Defendant's commission payment policy concerning separation from employment.

21. Prindle avers that Defendant terminated his employment in December, 2016, in whole or in part to avoid paying him commissions on pending approved loans, including one loan for $920,000, which closed shortly after Prindle was terminated.

22. Despite requests by Prindle, Defendant failed and refused to pay Prindle his commissions on loans he procured which closed after Defendant terminated his employment.

## FIRST CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. §§206 AND 207

23. Plaintiff realleges and incorporates herein all previous paragraphs.

24. At all times during his employment with WCU, Prindle was a nonexempt employee entitled to be paid for all time worked, including overtime wages for time worked in excess of 40 hours in a week.

25. Defendant failed to pay Prindle for wages earned Dec. 9-27, 2016, in violation of 29 U.S.C. §206.

26. Defendant failed to pay Prindle overtime for hours worked in excess of 40 during the three years prior to the commencement of this action, in violation of 29 U.S.C. §207.

27. Defendant knew that Prindle was a non-exempt employee entitled to regular wages while in training, and overtime for hours worked in excess of 40 per week.

28. Defendant's violation of the FLSA caused Prindle to suffer economic loss in an amount to be determined.

## SECOND CAUSE OF ACTION
## VIOLATION OF WIS. STATS CHAPTER 109

29. Plaintiff realleges and incorporates herein all previous paragraphs.

30. Prindle was an employee, as that term is defined by Wis. Stats. §109.01(1r).

31. Defendant failed and refused to pay Prindle commissions earned, in violation of Wis. Stats. §109.03(2).

32. While Defendant may have instituted a policy on November 18, 2016 regarding the payment of commissions upon separation, such policy did not apply to loans procured prior thereto.

33. Defendant's unlawful conduct in failing to pay Prindle earned commissions caused him to suffer economic loss in an amount to be determined.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

34. Plaintiff realleges and incorporates herein all previous paragraphs.

35. After the first year of his employment with Defendant, Prindle was compensated on a 100% commission basis, the terms of which were specifically set by Defendant, depending on whether the loans procured were "new" or "old" money.

36. Based on the agreement for payment of commissions, Prindle performed all duties required of him in procuring loans for Defendant.

37. At all times prior to the termination of Prindle's employment, Defendant agreed to and in fact paid Prindle commissions on loans he procured, based on the terms agreed upon by the parties.

38. At all times prior to November 18, 2016, there was no agreement between the parties providing for the nonpayment of commissions for loans closed after separation from employment.

39. Defendant materially breached its agreement to pay Prindle commissions on loans procured by him prior to November 18, 2016.

40. As a result of Defendant's breach, Prindle sustained damages in the form of unpaid commissions.

### FOURTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL

41. Plaintiff realleges and incorporates herein all previous paragraphs.

42. Defendant made specific promises to Prindle to pay him commissions on loans he procured, the terms of which were unambiguous.

43. Throughout Prindle's employment, he procured loans for Defendant in reasonable reliance on the promises Defendant had made to pay him commissions on such loans. Defendant performed pursuant to its promises while Prindle was employed by Defendant.

44. Defendant failed and refused to pay Prindle for loans he had procured in reliance on the promises made by Defendant, following the termination of Prindle's employment.

45. Prindle has been and continues to be damaged by Defendant's failure to pay as promised.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

46. Plaintiff realleges and incorporates herein all previous paragraphs.

47. Defendant retained the benefits conferred upon it by Prindle, who procured loans for Defendant, and unjustly retained those benefits without payment of the value of Plaintiff's services in the form of commissions, thus unjustly enriching itself at the expense of the Plaintiff.

48. As a result of Defendant's actions, Prindle sustained loss in the form of unpaid commissions and is entitled to recover from Defendant in an amount to be determined at trial to remedy the unjust enrichment of Defendant by withholding lawfully due commissions.

**WHEREFORE,** the Plaintiff respectfully requests the following relief:

1. Judgment against Defendant in an amount sufficient to compensate Prindle for all wages and commissions due and owing for work performed during the three years prior to commencement of this action;

2. An amount equal to unpaid wages as liquidated damages, pursuant to 29 U.S.C. §216(b);

3. Reasonable attorneys' fees and costs incurred by Plaintiff, pursuant to 29 U.S.C. §216(b) and Wis. Stats. §109.06; and

4. Such other and further relief as the Court deems appropriate.

Dated this _5th_ day of March, 2018.

                                   **SKINNER AND ASSOCIATES**

                                   By: _/s/ Carol N. Skinner_
                                   Carol N. Skinner
                                   Attorney ID #1017307
                                   Attorneys for Plaintiff
                                   212 Commercial Street
                                   Hudson, WI 54016
                                   (715) 386-5800